UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PEGGY A. OWENS, )
 )
       **Plaintiff,** )
 )
v. ) Case No. 06-CV-0346-CVE-FHM
 )
RESOURCE LIFE INSURANCE COMPANY, )
 )
 )
       **Defendant.** )

## OPINION AND ORDER

Now before the Court is Defendant's Objection to Magistrate Judge's Order Granting Discovery Sanctions (Dkt. # 117) filed on March 12, 2007.[1] Defendant Resource Life Insurance Company ("Resource Life") objects to Magistrate Judge Frank H. McCarthy's Order (Dkt. # 106) dated March 1, 2007 (the "sanctions order") on the grounds that (1) plaintiff did not certify to the Court that the parties held an informal conference pursuant to LCvR 37.1 and Fed. R. Civ. P. 37(a)(2); (2) defendant should not be required to pay the travel costs for the deposition of the four additional witnesses; (3) defendant should not be required to pay two thirds of the costs of the depositions taken by plaintiff because those deposition were not "wasted." In reviewing the sanctions order, this Court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For the reasons set forth below, the Court denies defendant's motion and affirms Judge McCarthy's sanctions order.

---

[1]     The motion is timely pursuant to Fed. R. Civ. P. 72(a) and Fed. R. Civ. P. 6(a).

## I.

Although the Court will not recite all the discovery issues in this case, it will describe briefly the discovery violations that prompted Judge McCarthy to impose sanctions. On October 4, 2006, plaintiff filed a motion to compel (Dkt. # 20) on the ground that defendant had not complied with her discovery requests. Plaintiff sought discovery in three broad areas: (1) defendant's initial acceptance of plaintiff's insurance contract, (2) defendant's decision to rescind the insurance coverage, and (3) defendant's later decision to pay plaintiff's claim. Specifically, plaintiff sought the identities of the persons – particularly the key decision-makers – who were involved in each of these areas. On October 23, 2006, Judge McCarthy held a telephone conference to resolve the discovery dispute. Counsel for defendant represented to the Court and to plaintiff that he provided plaintiff with a list of all relevant persons to this litigation. Dkt. # 50, at 13. Plaintiff traveled to Dallas, Texas and deposed the persons who defendant had disclosed. However, it became clear that, contrary to defendant's representations, it had not disclosed the names of some of the key decision makers who had accepted and rescinded the insurance policy at issue.

Thereafter, plaintiff filed a motion for discovery sanctions (Dkt. # 56), a motion for order directing defendant to show cause why it should not be found in contempt (Dkt. # 58), and a motion to compel discovery of documents claimed to be privileged (Dkt. # 62). In the sanctions order, Judge McCarthy granted the motion for discovery sanctions (Dkt. # 56), denied the motion for order directing defendant to show cause why it should not be found in contempt (Dkt. # 58), and denied the motion to compel discovery of documents claimed to be privileged (Dkt. # 62). Defendant now objects to the sanctions order solely with respect to Judge McCarthy's granting the motion for sanctions.

## II.

Defendant first objects to the sanctions order on the ground that LCvR 37.1 and Fed. R. Civ. P. 37(a)(2) required denial of plaintiff's motion for discovery sanctions (Dkt. # 56). LCvR 37.1 reads:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord. However, no personal conference shall be required where the movant's counsel represents to the Court in writing that movant's counsel has conferred with opposing counsel by telephone and (1) the motion or objection arises from failure to timely make a discovery response, or (2) distance between counsels' offices renders a personal conference infeasible. When the locations of counsels' offices, which will be stated with particularity by movant, are in the same city or within thirty (30) miles of each other, a personal conference is always deemed feasible as to distance.

Fed. R. Civ. P. 37(a)(2)(A) provides:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Specifically, defendant contends that, because plaintiff's motion for sanctions did not include a written certification that the parties had met and conferred, Judge McCarthy should have denied the motion. The Court finds this argument wholly without merit.

As a preliminary matter, defendant misunderstands the purpose of the meet and confer requirement. This requirement ensures that the Court will not be burdened with discovery motions that could be resolved by the parties. It is not meant to limit the Court's jurisdiction over discovery disputes that are clearly within its purview. It is remarkable that defendant would file this motion based on a technical reading of the federal and local rules when defendant has demonstrated "an

3

unacceptable failure to appreciate the most basic discovery obligations imposed by" the federal rules. Dkt. # 106, at 2.

The Court finds that Judge McCarthy implicitly waived the meet and confer requirement in this case.[2] Although LCvR 37.1 reads that the Court "shall refuse to hear" a discovery motion unless the parties certify that they had an informal conference, the Court has discretion to waive any requirement of the local rules. See LCvR 1.2(c). It is obviously from the face of plaintiff's motion (Dkt. # 56) that plaintiff did not include a certification of good faith conference. Once Judge McCarthy granted the hearing, the meet and confer requirement became moot. Judge McCarthy was by no means jurisdictionally or otherwise prohibited from imposing appropriate sanctions based on the lack of informal conference between the parties.

Finally, Judge McCarthy imposed sanctions on defendant not only because defendant failed to disclose information to plaintiff, but also because it misrepresented its actions to the Court. In October 2006, defendant "represented to Plaintiff and the Court" that the list it provided to plaintiff included the persons plaintiff sought to depose. Dkt. # 106, at 1 (emphasis added). "In fact, without excuse, Defendant completely failed to disclose several names that were directly responsive to Plaintiff's discovery requests." Id. at 3. Under these circumstances, Judge McCarthy correctly rejected defendant's argument that the Court could not impose sanctions because the Court had not

---

[2] Based on the facts in this case, it is not difficult to surmise why Judge McCarthy would come to this conclusion. The discovery violations at issue in the motion for sanctions concerned the very discovery issues before the Court in the motion to compel and the October 2006 hearing. Further, defendant's response to the motion for sanctions was less than forthright. See Dkt. # 106, at 2-3. Given that defendant refused to acknowledge its discovery violations to the Court, it stretches the limits of credulity for defendant to suggest that the parties would have resolved the discovery dispute during an informal conference.

issued an order with respect to the October 2006 motion to compel. Dkt. # 106, at 3-4. Similarly, given that the motion for sanctions concerned the very discovery issues that had been before the Court in October 2006, and given that defendant had provided the Court with inaccurate responses to the motion to compel (Dkt. # 20), the absence of a written certification of an informal conference was no obstacle to the Court's imposition of sanctions.

### III.

The Court now turns to defendant's arguments that the sanctions imposed were inappropriate. In the sanctions order, Judge McCarthy ordered that defendant locate the four current or former employees who defendant previously failed to disclose and present them for deposition in Tulsa, Oklahoma. Dkt. # 106, at 7. If it is not possible to present the witnesses for deposition in Tulsa, Judge McCarthy ordered that defendant shall pay plaintiff's costs (but not attorney fees) to take the depositions elsewhere. Id. Defendant argues that Judge McCarthy erred in ordering it to pay the travel expenses of these witnesses because the only "loss" to plaintiff was the inability to take the depositions during his trip to Dallas, "an economy which would never have been achieved at any rate *if the witnesses did not live in Dallas*." Dkt. # 117, at 2 (emphasis in original). It argues that Judge McCarthy presumed the four witnesses would have been deposed in Dallas, although "[t]here was no evidence to support that presumption." Id. The Court finds defendant's argument unpersuasive. It is irrelevant that Judge McCarthy did not determine whether the four additional witnesses reside in Dallas and thus whether plaintiff's counsel would have been able to depose them on his previous trip to Dallas. The Court was under no duty to investigate the whereabouts of these witnesses. Given that defendant was responsible for not disclosing these important witnesses, Judge McCarthy correctly held that defendant – not plaintiff – should bear the financial burden of

5

defendant's discovery violations. Thus, regardless of where the four employees currently live or where they lived when plaintiff's counsel first traveled to Dallas, Judge McCarthy's order that defendant pay plaintiff's costs to depose the additional witnesses – including travel costs – was reasonable and well within the power of the Court.

In addition, Judge McCarthy's order that defendant pay two thirds of plaintiff's costs associated with the previous Dallas depositions is also reasonable. Contrary to defendant's argument, Judge McCarthy did not hold that previous Dallas depositions were "wasted." He specifically noted that "[p]laintiff obtained some useful information during the Dallas depositions concerning those two areas." Dkt. # 106, at 7. However, to avoid a "separate major piece of litigation to determine how much useful information was obtained" during the Dallas depositions, Judge McCarthy concluded that "uncertainty should be resolved against Defendant" and defendant should be required to pay two thirds the cost of the Dallas depositions. Defendant points to no reason why this order was clearly erroneous or contrary to the law.

In summary, the Court finds that the sanctions imposed were neither factually nor legally erroneous and were soundly within the discretion of the Court. Thus, the Court denies defendant's objections to the sanctions order.

**IT IS THEREFORE ORDERED** that Defendant's Objection to Magistrate Judge's Order Granting Discovery Sanctions (Dkt. # 117) is hereby **denied**.

**DATED** this 24th day of April, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT