### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

PEGGY A. OWENS,

        Plaintiff,

vs.

RESOURCE LIFE INSURANCE COMPANY,

        Defendant.

Case No. 06-CV-346

## ORDER

Plaintiff's Motion for Leave to Supplement Evidence and Argument on the Issue of Damages in Response to Defendant's Motion for Summary Judgment [Dkt. 151] has been referred to the undersigned United States Magistrate Judge for decision. Plaintiff's motion is DENIED.

On June 6, 2006, Plaintiff filed her action in Tulsa County District Court[1] alleging breach of contract and breach of the implied covenant of good faith and fair dealing. [Dkt. 2-2]. Defendant's Motion for Summary Judgment [Dkt. 55] was filed on January 8, 2007. Relying on Plaintiff's deposition testimony, in support of summary judgment Defendant argues:

> [T]here is no evidence to support a claim that the contract was breached. Additionally, Plaintiff has no damages. Ms. Owens admitted that she received $6,195.33, which reimbursed her for 100 percent of her out of pocket cost.

[Dkt. 55, p. 8](deposition citation omitted). Defendant acknowledges that Plaintiff offered a correction to her deposition that she is still owed $78.85 in additional service charges, but asserts that claim was never submitted to Defendant for payment. *Id.* Plaintiff's response

---

[1] The case was removed to federal court on July 5, 2006. [Dkt. 2].

to the motion for summary judgment does not challenge Defendant's factual statements concerning the lack of damages.  In the instant motion, Plaintiff seeks leave to supplement her response to the motion for summary judgment to assert that $5,000 she paid to her attorney on June 6, 2006, constitutes an element of damages attributable to the alleged breach of contract.

According to Plaintiff, she did not previously disclose the $5,000 payment made to her attorney as damages because her lawyer only recently came to understand that the payment could be construed as contract damages.  Plaintiff notes that Fed.R.Civ.P. 56(e) provides that the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or further affidavits and argues that rule should be applied to permit her to supplement her brief.  Plaintiff states it would be unjust to preclude her from offering this additional evidence, especially because Defendant was permitted to present four previously undisclosed witnesses after the initial briefing cycle had been completed on the motion for summary judgment.

The situation regarding Defendant's additional witnesses and Plaintiff's current request are completely dissimilar. With regard to Defendant's additional witnesses, Plaintiff has been granted additional discovery and the opportunity to supplement her response to summary judgment to avoid any possible prejudice Plaintiff might suffer as a result of Defendant's failure to disclose pertinent witnesses.  In the current motion Plaintiff seeks to supplement her summary judgment response based, not on any actions taken by Defendant, but because of her own failure to disclose information which she has possessed since the day she filed this lawsuit.

The discovery deadline is long past. Moreover, Defendant has proceeded on the basis that Plaintiff did not suffer any contract damages. Considering that the information Plaintiff is now trying to disclose is not newly discovered evidence but is information she has possessed the entire length of this litigation, Plaintiff's attempted late disclosure is too late. It is not unjust to refuse to let Plaintiff introduce this information into the lawsuit at this late date.

Based on the foregoing, Plaintiff's Motion for Leave to Supplement Evidence and Argument on the Issue of Damages in Response to Defendant's Motion for Summary Judgment [Dkt. 151] is DENIED.

SO ORDERED this 31 day of July, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE