**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PEGGY A. OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06-CV-0346-CVE-FHM |
| ) | |
| RESOURCE LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Certify Questions of Law and Brief in Support (Dkt. # 198). Defendant requests that the Court certify three questions of law concerning an insurer's liability for bad faith if the plaintiff currently lacks a viable claim for breach of contract. In the Court's opinion and order denying defendant's motion for summary judgment (Dkt. # 188), the Court held that plaintiff could proceed with her bad faith claim even though the Court granted summary judgment as to her breach of contract claim. Dkt. # 188, at 17. To establish liability for bad faith, plaintiff must be able to show that she had a valid claim under the insurance policy and the insurer lacked a legitimate basis to dispute the validity of her claim. Christian v. Am. Home Assurance Co., 577 P.2d 899, 904-05 (Okla. 1977); Duensing v. State Farm Fire & Cas. Co., 131 P.3d 127, 138 (Okla. Civ. App. 2005). When reviewing a claim for bad faith, the Court can consider only the "facts known or knowable about the claim at the time the insured requested the insurer to perform its contractual obligations." Sims v. Travelers Ins. Co., 16 P.3d 468, 471 (Okla. Civ. App. 2000). This suggests that an insurer becomes liable for bad faith immediately upon denying a claim in bad faith regardless of its subsequent actions.

In order to certify a question of law to the Oklahoma Supreme Court, the legal question before this Court must one for which there is "no controlling decision of the [Oklahoma] Supreme Court . . ., constitutional provision, or statute of this state." OKLA. STAT. tit 20, § 1602. In this case, the Court has already found that Oklahoma law on this issue is clear. Defendant acknowledged contractual liability some time after plaintiff's claim was made. There is a genuine issue of material fact concerning the legitimacy of the insurer's initial basis for disputing that contractual liability. Conduct by the insurer that shows malice toward the insured or indifference to the insured's claim, including delay in investigating, paying, or denying the insured's claim, can be used a factor for determining liability for bad faith. Hale v. A.G. Ins. Co., 138 P.3d 567, 572 (Okla. Civ. App. 2006). Oklahoma law imposes liability on an insurer "where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." McCorkle v. Great Atlantic Ins. Co., 637 P.2d 583, 587 (Okla. 1981). The Oklahoma Supreme Court has never expressly held that there must be a co-existent breach of contract claim in order to maintain a claim for bad faith.

Defendant cites Davis v. GHS Health Maintenance Org., Inc., 22 P.3d 1204 (Okla. 2001), and claims that Davis implies that the insured must have a viable breach of contract claim to proceed with a claim for bad faith. However, Davis neither states nor implies any such rule, because it simply states that "a determination of liability under the contract is a prerequisite to a recovery for bad faith breach on an insurance contract." Id. at 1210. Plaintiff certainly must show contractual liability at the time the claim was presented to the insurer, but Davis does not create a new rule that plaintiff must have a co-existent breach of contract claim for a bad faith claim to proceed. Such a rule would provide blanket immunity for insurers that intentionally deny insurance claims without

a legitimate basis, but subsequently pay those claims to avoid additional liability for bad faith. Oklahoma law clearly does not intend such a result. The Court finds no basis to certify a question of law to the Oklahoma Supreme Court on this issue.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Certify Questions of Law and Brief in Support (Dkt. # 198) is **denied**.

**DATED** this 19th day of September, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT